# CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-05040-MWF (SK) | Date | June 25, 2018 |
|---|---|---|---|
| Title | Stephon DeJon Alexander v. Tapti J. Patel, et al. | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff, a California state prisoner, filed a civil rights action under 42 U.S.C. § 1983, alleging that three district attorneys conducted a biased investigation, withheld exculpatory evidence, and requested unreasonably high bail in violation of the Fifth, Eighth, and Fourteenth Amendments. (Complaint, ECF. No 1 at 5). The Court assumes that Plaintiff's claims stem from the underlying criminal case for which he has been sentenced. With that understanding, the Complaint appears factually and legally deficient for five reasons.

First, the Complaint provides no factual support for its conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, even with sufficient factual support, Plaintiff's claims of prosecutorial misconduct would be foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Under *Heck*, Plaintiff cannot sue under § 1983 with claims that, if won, would necessarily invalidate his conviction or sentence. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 611–12 (9th Cir. 2011); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam). Third, Plaintiff's claim of excessive bail is moot if he has been convicted of the crime for which bail was set. *See Condon v. Carlin*, 2016 WL 2977243, at *3 (D. Idaho May 20, 2016) ("The law is clearly established that challenges to bail set by a trial court become moot once a defendant has been convicted."). Fourth, prosecutors are immune from civil suits under § 1983 for actions taken within the scope of their duties. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also* Cal. Gov't Code § 821.6. Finally, Plaintiff must administratively exhaust his claims before suing in federal court. *See* 42 U.S.C. § 1997e(a).

THEREFORE, Plaintiff is ORDERED TO SHOW CAUSE on or before **July 30, 2018** why this action should not be dismissed for failure to state a claim upon which relief can be granted and/or for failure to exhaust administrative remedies. Alternatively, Plaintiff may voluntarily dismiss this action using the attached Notice of Voluntary Dismissal form. **Plaintiff is cautioned that failure to file a notice of voluntary dismissal or timely response to this order may result in involuntary dismissal of this action for failure to prosecute and obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.